UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                          Chapter 7

Daniel B. Tolman
                                                                                    Case No.: 14-70966-reg
                                           Debtor.
                                                                                    **AFFIDAVIT**
-----------------------------------------------------------x
STATE OF NEW YORK)
COUNTY OF SUFFOLK)ss:-

    MICHAEL J. MACCO, being duly sworn, deposes and says:

    1. I am the attorney for Daniel B. Tolman and as such am fully and completely familiar with the facts and circumstances involved herein.

    2. I submit this Affidavit in Opposition of the United States Trustee's Motion to Dismiss this Chapter 7 case and in the alternative extend the time in which a Complaint under Section 727 can be filed.

    3. The debtor commenced this case by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code.

    4. The debtor resided at 290 Berry Hill Road, Syosset, New York.

    5. The debtor purchased his property at the behest of his father and lent his credit to his father for the purchase of this property with the intention of the father to complete construction of the property and sell the property at a profit. All the money provided by the first and second mortgage was provided for the purpose of purchasing and renovating the property.

6. During the renovation of the property, the debtor's father's business, in which the debtor worked, ceased operating and the debtor defaulted on the payment of the mortgage.

7. Substantial portion of the monies owed in Schedule F are monies that were utilized for either the renovation of the property in Syosset or personal guarantees of the debtor of monies borrowed by the father that was invested into the father's business before its cessation.

8. Although the debtor remains the owner of the Syosset property, the debtor has relocated to Minneapolis, Minnesota. The debtor is maintaining the property by paying the electric, heat and internet for the property, whose sole occupant is the debtor's father, who at the present time has negligible income.

9. The Trustee's motion does not correctly state all the facts as they occurred. First, the debtor has not abandoned the residence. The debtor is responsible for the premises until the foreclosure is completed and the debtor is still maintaining the Syosset property until the actual foreclosure is completed, even though he doesn't live there.

10. The U.S. Trustee made a request for documents but the documents set forth in paragraph 8 are not the documents requested at the 341 meeting. At the 341 meeting the United States Trustee's Office asked for a copy of the last corporate tax return filed by TC Insurance; a copy of the employment agreement and a copy of a new budget for the debtor's present location in Minnesota. The Trustee's motion has requested additional documentation, all of which has been provided to the U.S. Trustee.

11. Affiant has already forwarded a copy of the last filed tax return by the corporation, the debtor's employment agreement, recent payroll advices, last year's bank statement and the lease for the debtor's present apartment in Minnesota.

12. An Amended Schedule I and J has been filed based on the debtor's current income and expenses in Minnesota.

13. The debtor clearly passed the means test prior to filing that allows the filing of the Chapter 7.

14. The amended Schedule I and J clearly shows that the debtor has no excess income to pay creditors even based on his present income.

15. Debtor is not eligible to file a Chapter 13 petition pursuant to 11 U.S.C. Section 109(e).

16. The debtor's mortgage obligations exceed Two Million Dollars ($2,000,000) on the Syosset real property and the unsecured liability exceeds $750,000.

17. Assuming arguendo that the debtor has excess disposable income, any excess income could not cover the administrative costs and legal fees if the case has converted to a Chapter 11. The debtor's only option is obtaining a discharge in Chapter 7.

WHEREFORE, it is respectfully requested that motion to dismiss this case or extend the time to file a complaint to object to discharge de denied.

MICHAEL J. MACCO

Sworn to before me this
2nd day of July, 2014

/s/ Janine M. Zarrilli
Notary Public
*Janine M. Zarrilli*
*Notary Public, State of New York*
*No. O1ZA5084708*
*Qualified in Nassau County*
*Commission Expires September 8, 2017*

STATE OF NEW YORK)
COUNTY OF SUFFOLK)ss:-

    Carol Smith, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age, and resides at West Islip, New York.
    On July 3, 2014 deponent served the within:
                 AFFIDAVIT IN OPPOSITION
upon the following parties, at the addresses designated by said parties for that purpose, by depositing a true copy of same, enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

*Office U.S. Trustee*
*Long Island Federal Courthouse*
*560 Federal Plaza, Room 560*
*Central Islip, New York 11722-4437*

*Allan B. Mendelsohn, Esq.*
*38 New Street*
*Huntington, New York 11743*

                                              Carol Smith

Sworn to before me this
2nd day of July, 2014.
/s/ Janine M. Zarrilli
Notary Public
*Janine M. Zarrilli*
*Notary Public, State of New York*
*No. 01ZA5084708*
*Qualified in Nassau County*
*Commission Expires September 8, 2017*