UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

    Daniel B. Tolman,                              Case No. 8-14-70966-reg
                                                                                   Chapter 7

                                             Debtor.                            **NOTICE**
----------------------------------------------------------X

**To The Debtor, Debtor's Counsel, the Chapter 7 Trustee, and All Listed Creditors:**

**PLEASE TAKE NOTICE THAT:**

        Upon the application of the United States Trustee for Region 2, a hearing will be held before the Honorable Robert E. Grossman, United States Bankruptcy Judge of the United States Bankruptcy Court for the Eastern District of New York at 290 Federal Plaza, Central Islip, New York 11722, Courtroom 860, on **October 22, 2014 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, for the entry of an order dismissing this Chapter 7 case under 11 U.S.C. §§ 707(b)(1) and (3) and Rule 1017 of Federal Rules of Bankruptcy Procedure, in the alternative, extending the time in which a complaint, under 11 U.S.C. § 727, objecting to the Debtor's discharge may be commenced and such other and further relief as may seem just and proper.

        The original application is on file with the Clerk of the Bankruptcy Court, Federal Plaza, Room 290, Central Islip, New York and with the United States Trustee, Federal Plaza, Room 560, Central Islip, New York and may be reviewed at either office during regular business hours.

        Responsive papers shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, PO Box 9013, Central Islip, New York 11722 in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court in accordance with General Order #463 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers, and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: Alfred M. Dimino, Esq., no later than seven (7) days prior to the hearing date set forth above.   Any responsive papers shall be in conformity with the Federal Rules of Bankruptcy Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

        The hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

Dated: Central Islip, New York
       August 28, 2014

                                                    WILLIAM K. HARRINGTON
                                                    UNITED STATES TRUSTEE FOR REGION 2
                                                    Office of the United States Trustee
                                                    Long Island Federal Courthouse
                                                    560 Federal Plaza
                                                    Central Islip, New York 11722
                                                    (631) 715-7800

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | HEARING DATE: **October 22, 2014** |
| EASTERN DISTRICT OF NEW YORK | HEARING TIME: **9:30 a.m.** |

---------------------------------------------------------X

In re:

   Daniel B. Tolman,                                        Case No. 8-14-70966-reg

                                                                             Chapter 7

                            Debtor.                      **NOTICE OF MOTION**

---------------------------------------------------------X

        PLEASE TAKE NOTICE that, upon the annexed application, the United States Trustee for Region 2 will move this Court before the Honorable Robert E. Grossman, United States Bankruptcy Judge of the United States Bankruptcy Court at Long Island Federal Courthouse, Federal Plaza, Courtroom 860, Central Islip, New York on **October 22, 2014 at 9:30 a.m.**, or as soon thereafter as counsel can be heard, for the entry of an order dismissing this Chapter 7 case under 11 U.S.C. §§ 707(b)(1) and (3) and Rule 1017 of Federal Rules of Bankruptcy Procedure, and such other and further relief as may seem just and proper.

        Responsive papers shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, PO Box 9013, Central Islip, New York 11722 in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court in accordance with General Order #463 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers, and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: Alfred M. Dimino, Esq., no later than seven (7) days prior to the hearing date set forth above.   Any responsive papers shall be in conformity with the Federal Rules of Bankruptcy Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

Dated:  Central Islip, New York
         August 28, 2014

                                                          WILLIAM K. HARRINGTON
                                                         UNITED STATES TRUSTEE

                                     By: *s/ Alfred M. Dimino*
                                            Alfred M. Dimino
                                            Trial Attorney
                                            Office of the United States Trustee
                                            Long Island Federal Courthouse
                                            560 Federal Plaza
                                            Central Islip, New York 11722
                                            (631) 715-7800

TO:    Daniel B. Tolman, Debtor
          Michael J. Macco, Esq., Attorney for Debtor
          Allan B. Mendelsohn, Esq., Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:

       Daniel B. Tolman,                         Case No. 8-14-70966-reg

                                                        Chapter 7

                                              **CERTIFICATE OF SERVICE**

                     Debtor.
-----------------------------------------------------------X

        I, Linda Kmiotek, am employed at the Office of the United States Trustee for the Eastern District of New York, hereby certify that I caused a copy of the Notice, Notice of Motion and the Application for the entry of an order dismissing this Chapter 7 case under 11 U.S.C. §§ 707(b) (1) and (3) and Rule 1017 of Federal Rules of Bankruptcy Procedure to be served by regular mail upon the persons listed below, by mailing the same to their last known addresses.

Daniel B. Tolman
500 East Grant Street, Apt. 2206
Minneapolis, MN 55404

Michael J. Macco, Esq.
Macco & Stern, LLP
135 Pinelawn Road, Suite 120 South
Melville, NY 11747

Allan B. Mendelsohn, Esq.
38 New Street
Huntington, NY 11743

Riyaz G. Bhimani, Esq.
Andrea M. Roberts
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 700
White Plains, NY 10606

Dated:  Central Islip, New York
          August 28, 2014

                                                        *S/ Linda Kmiotek*
                                                        Linda Kmiotek
                                                        Legal Clerk

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

    Daniel B. Tolman,                                               Case No. 8-14-70966-reg

                                                                                Chapter 7
                                      Debtor.
----------------------------------------------------------X

## MOTION OF THE UNITED STATES TRUSTEE
## TO DISMISS CASE PURSUANT TO 11 U.S.C. § 707(b) (1) AND (3)

**TO:    THE HONORABLE ROBERT E. GROSSMAN;
         UNITED STATES BANKRUPTCY JUDGE:**

The United States Trustee for Region 2 (the "United States Trustee"), moves this Court for the entry of an order, under 11 U.S.C. § 707(b)(1) and (3) and Rule 1017 of the Federal Rules of Bankruptcy Procedure, dismissing this case as being filed in bad faith or based upon the totality of the circumstances. In support of this motion, the United States Trustee represents and alleges, upon information and belief, as follows:

### PRELIMINARY STATEMENT

The United States Trustee asserts that the Debtor's monthly household income is inconsistent with the income claimed by the Debtor, the Debtor has manipulated his expenses shortly before the filing, a significant amount of the claimed expenses on Schedule J are inflated, unreasonable or subject to reduction in the near future and the Debtor's household has sufficient excess monthly income from which to repay a significant amount of his unsecured debt. Therefore, the United States Trustee asserts that the Debtor's case should be dismissed under 11 U.S.C. § 707(b) (3) based upon bad faith and under the totality of the circumstances, because granting the Debtor relief would be an abuse of the provisions of chapter 7.

## **FACTS**

**A. The Debtor's Schedules:**

1. On March 12, 2014, Daniel B. Tolman (the "Debtor"), filed an individual voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Eastern District of New York. The Debtor is represented by Michael J. Macco, Esq. ("Counsel"). Allan B. Mendelsohn, Esq. was appointed as Chapter 7 trustee (the "Trustee").

2. The Debtor's schedules reflect primarily consumer debts. See Voluntary Petition and Schedules A, D, and F as filed with the Court on March 12, 2014. Schedule F lists total unsecured debt as $568,424.66. (ECF Docket No. 1).

3. The Debtor is a single individual who asserted that, on the date of filing, he resided in a house located at 290 Berry Hill Road, Syosset, New York (the "Residence"). Upon information and belief, on or before February 13, 2014, the Debtor entered into a lease for an apartment located in Minneapolis, Minnesota with a commencement date of April 1, 2014.

4. On the Debtor's Schedule I, he claims a household size of 1. (ECF Docket No. 1).

5. The Debtor is, and has been employed, since November 7, 2012, as an insurance broker by Willis of Texas, Inc. See Schedule I. (ECF Docket No. 1).

6. The Debtor's total gross monthly household income from wages reflected on Schedule I is $9,589.98 or $115,079.76 annually. The Debtor's Statement of Financial Affairs ("SOFA") reflects aggregate annual earned income for 2012 of $85,495.28 and for 2013 $101,808.92. A copy of the Debtor's Schedules I is annexed hereto as Exhibit A.

7. Schedule A reflects that the Debtor owns the Residence with a current value of $880,000. See schedule A. (ECF Docket No. 1).

8. In Schedule B, the Debtor attests to ownership of personal property having an aggregate value of $15,255, including cash and bank accounts ($4,355), household goods

and furnishings ($1,500), wearing apparel ($1,000), jewelry ($500), term life policies ($0), a 401K retirement plan ("Plan") ($5,000), an IRA account ($100), an estimated tax refunds ($300) and a 2004 Subaru Impreza ($2,500). See Schedule B (ECF Docket No. 1).

9. On Schedules D and E, the Debtor lists two secured mortgage obligations aggregating $2,225,000, a mechanic's lien in the amount of $2,000 and a priority debt to the IRS in the amount of $4,000. See Schedules D and E. (ECF Docket No. 1).

10. On Schedule F, the Debtor lists fourteen (14) creditors holding total unsecured debt in the amount of $568,424.66, representing credit card and other obligations. See Schedule F. (ECF Docket No. 1).

11. On Schedules G and H, the Debtor lists no executory contracts or unexpired leases and Mr. Bruce Tolman, the Debtor's father, as a co-debtor on two of the unsecured debts. See Schedules G and H. (ECF Docket No.1).

12. On the Schedule I, the Debtor claims an aggregate gross monthly income of $9,589.98, or an annual household income of $115,079.76. See Schedule I. (ECF Docket No. 1).

13. On the Schedule I, the Debtor claims a family of one, payroll tax and social security withholdings aggregating $2,653.26, retirement contributions of $275, health insurance deductions averaging $495.08, life insurance premiums of $13.86, disability insurance in the amount of $23.52, a health savings account deduction of $133.34 and a transportation deduction of $130. The Debtor claims an average monthly net income of $5,865.92. See Schedule I. (ECF Docket No. 1).

14. On Schedule J the Debtor claims monthly expenses aggregating $12,816.51 and a monthly deficit of $6,950.59. The claimed expenses include: (a) first and second mortgage payments on the Residence, of $7,003.58 and $2,609.93, respectively ; (b) utilities (heating, electricity, cable, water, telephone and cell phone) aggregating $1,228; (c) food in the amount of $900; (d) clothing in the amount of $150; (e) personal care expense of $75; (f) medical/dental of

$350; (g) transportation expenses of $275; (h) a recreation expense of $100; (i) charitable contributions in the amount of $100; and (j) auto insurance payments of $75. See Schedule J. (ECF Docket No. 1). A copy of the Debtor's initial Schedule J is attached as Exhibit B.

15. The §341(a) meeting of creditors in this case was held on April 16, 2014 (the "Meeting"). The Trustee examined the Debtor and the Meeting was closed.

16. On April 16, 2014, the United States Trustee, in order to verify the accuracy of the information contained in the Debtor's petition, schedules, SOFA and MTC, appeared at the Meeting, examined the Debtor and sent an e-mail to Counsel requesting documents which would establish the veracity of the information in the Debtor's filings (the "Request"). A copy of the United States Trustee's e-mail is annexed hereto as Exhibit C.

17. On June 5, 2014, due to the Debtor's failure to respond to the Request, the United States Trustee filed a motion seeking the dismissal this case. On June 19, 2014, the Debtor provided some of the requested documents and, thereafter, on July 3, 2014, filed amended Schedules I and J. The Debtor further responded to the Request on July 2, 2014 and August 7, 2014 by providing copies of payroll advices, tax returns, bank statements, an apartment lease and an employment agreement.

**B. Amended Schedules I and J:**

18. On July 7, 2014, the Debtor filed amended Schedules I and J. (ECF Docket No. 14).

19. Amended Schedule I reflects a projected average monthly income of $11,002.80 or $132,033.60 annually. This is $1,412.82 a month greater than listed on the initial Schedule I. (ECF Docket No. 14).

20. Amended Schedule I lists payroll deductions for payroll tax and social security withholdings aggregating $3,331.34, voluntary retirement contributions of $318, health insurance deductions averaging $607.94 and other deductions aggregating $24.52. The Debtor

claims total monthly take home pay in the amount of $6,721.32. (ECF Docket No. 14). A copy of the Debtor's Amended Schedule I is attached as Exhibit D.

21. Amended Schedule J reflects projected average monthly expenses aggregating $7,287 and a negative monthly income of $565.68. (ECF Docket No. 14).

22. On Amended Schedule J, the Debtor claims monthly expenses for: (a) rent of $1,695; (b) utilities aggregating $943; (c) food in the amount of $1,045; (d) clothing of $200; (e) personal care in the amount of $200; (f) medical/dental in the amount of $500; (g) transportation of $275; (h) recreation of $200; (i) charitable contributions of $50; (j) automobile insurance in the amount of $228; (k) a car loan in the amount of $363; (l) repayment of taxes aggregating $362 and (m) NY utilities, including television, phone and internet, aggregating $911. The Amended Schedule J claims a monthly deficit of $565.68. (ECF Docket No. 14).

C. **Debtor's Income is Steady And Substantial:**

23. The Debtor has not provided copies of his 2012 and 2013 federal and state tax returns as provide in the Request. The Debtor's SOFA reflects annual income for 2012 of $85,495.28 and for 2013 $101,808.92.

24. The Debtor's payroll advice for December 31, 2013 reflects total earnings of $114,695.04. His advices through February 28, 2014, as filed with the petition, reflect an annual pay rate of $110,000 (an average of $9,589.98 per month). The Debtor's payroll advices through June 30, 2014, reflect an annual pay rate of $127,200 (an average of $10,600 per month plus health care benefit subsidies). Therefore, it appears that the Debtor received a raise of $17,000 annually or an average of $1,433.33 per month upon his move from Long Island to Minneapolis.

25. The Debtor is presently earning $41,700 more annually than he did in 2012.

D. **The Debtor's Bank Statements:**

26. Additionally, the Debtor's Wells Fargo checking account statement (ending in

2125) for the period of January 1, 2014 through June 30, 2014, reflects deposits, other than from salary, aggregating $10,552.63 or an average of $1,758.77 per month. This amount does not appear to have been accounted for by the Debtor in either the initial or the Amended Schedule I. (ECF Docket No. 14).

**E. The Debtor's Expenses:**

27.  On the Debtor's initial Schedule J, he claimed monthly household expenses aggregating $12,816.51. See ECF Docket No. 1.

28.  The Debtor's expenses can be generally categorized as follows: (a) household- The Residence mortgages, utilities, telephone and maintenance; (b) living-food, clothing and medical/dental; (c) transportation- gas, auto repairs and insurance; and (d) entertainment.

29.  The Debtor's expenses aggregate: (a) household- $10,841.51, including two mortgage payments aggregating $9,613.51, that are not being paid; (b) living-$1,475, including $900 per month for food and $350 for medical/dental expense; (c) transportation-$350; and entertainment-$100.   On the initial Schedule J, the Debtor claimed a monthly negative net income after expenses of $6,950.59. (ECF Docket No. 1).

30.  On July 20, 2014, the Debtor filed his Amended Schedule J. (ECF Docket No. 14-1).

31.  The Debtor's expenses on the Amended Schedule J aggregate: (a) household- $2,638, including rent for his new apartment in Minneapolis; (b) living-$1,945, including $1,045 per month for food and $500 for medical/dental expense; (c) transportation-$866, including a car purchased or leased post-petition; (d) entertainment-$200 and (e) the New York Residence utilities-$911, including television, telephone and internet.   On the Amended Schedule J, the Debtor claimed a monthly negative net income after expenses of $565.68. (ECF Docket No. 14-1). A copy of the Amended Schedule J is annexed hereto as Exhibit E.

32. Many of the Debtor's expenses, both on the Initial Schedule J and the Amended Schedule J, appear to be unnecessary for the support of the Debtor, appear to be unreasonable in their amount, were items that the Debtor had not been paying and had no intention of paying, or have not been documented.

33. Specifically, on the Initial Schedule J, the Debtor's monthly expense for: (a) mortgage payments ($9,613.51) - were not being made, had not been made for a significant time prior to the filing and the Debtor did not anticipate making them in the future; (b) food ($900) – is three times the IRS allowance of $315 for a household of one; and (c) medical ($350) - appears overstated- there are minimal medical expenses paid by the Debtor through the Debtor's Wells Fargo bank account and the Debtor took a deduction of $133.34 for a health savings account on Schedule I.

34. On the Amended Schedule J, the Debtor's monthly expense for: (a) electricity ($406)-the recurring debit listed on the Debtor's Wells Fargo bank statements averages less than $50; (b) water, sewer, garbage collection ($125)-no corresponding expense found on the Debtor's Wells Fargo bank statements; (c) food ($1,045)-the Debtor moved from Long Island to Minneapolis and now claims $145 more in monthly food expense, which is not documented and unreasonable in amount; (d) personal care products ($200)-is almost three times the IRS allowance ($88) and undocumented; (e) Medical ($500)-the Debtor now claims $200 more than in the Initial Schedule J and this amount is not reflected on his Wells Fargo bank statements and the Debtor continues to take a deduction of $133.34 for a health savings account on Amended Schedule I; (f) Automobile and Insurance ($363 and $228, respectively)-the Debtor has not provided any Documentation relating to the purchase or lease of a new vehicle; and (g) New York Expenses ($911)-the Debtor has provided no reasonable basis for the need to continue television, telephone and internet service to the Residence in which he no longer resides and, sometime in the near future, will be sold at foreclosure.

35. The Debtor's relocation from Long Island, one of the most expensive areas in this country, to Minneapolis, Minnesota, a much more affordable area (CNN Money calculates that between Long Island and Minneapolis the cost of groceries is 16%, less, housing 37% less, utilities 10% less, transportation 4% less and health care 8% less) should have resulted in a reduction in his monthly expenditures.   However, according to the Debtor's Amended Schedule J, they have actually increased.

### E. The Debtor's Actual Net Monthly Income After Monthly Expenses:

36. Therefore, after taking into consideration the $17,000 increase in his annual pay rate, the reduction of the overstated expenses and the elimination of the unnecessary expenses, the Debtor would have actual net monthly income would is available for the benefit of his creditors.

### ARGUMENT

### Discussion of the Totality of the Circumstances, § 707(b) (3) (b)

37. The United States Trustee asserts that the granting of the relief to the Debtor would be an abuse of the provisions of chapter 7 pursuant to § 707(b) (1) and (b) (3).

38. Section 707(b) (1) states, in relevant part:

> (1)   After notice and a hearing, the court, on its own motion or on a motion by the United States Trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter. . .

39. In connection with the forgoing provision, 11 U.S.C. § 707(b) (3) states:

> (3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case which the presumption in subparagraph (A) (I) of such paragraph does not arise or is rebutted, the court shall consider–

> (B) the totality of the circumstances...of the debtor's financial situation demonstrates abuse.

40. Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA"), Section 707(b) expressly stated "there shall be a presumption in favor of granting the relief requested by the debtor." Significantly, the BAPCPA eliminated this presumption. *See* In re Doherty, 374 B.R. 288, 290 (Bankr.D.Kan. 2007) and In re Colgate, 370 B.R. 50 (Bankr. E.D.N.Y. 2007).

41. In addition, the BAPCPA lowered the standard for dismissal of a chapter 7 case from a required finding of "substantial abuse" in the debtor's filing to a mere finding of "abuse." *See* Id.

42. The Second Circuit has established a totality of the circumstances test for determining abuse under section 707(b). In re Carlton, 211 B.R. 468 (Bankr. W.D.N.Y 1997) aff'd sub nom. Kornfield v. Schwartz (In re Kornfield), 214 B.R. 705 (W.D.N.Y.), aff'd In re Kornfield, 164 F3d 778 )(2d Cir. 1999).   The court set forth various factors that it will consider in an evaluation under section 707(b).   The first factor is whether the debtor has an ability to pay.  This factor includes a determination on whether the budget is excessive.   If, after this analysis, the court determines that the debtor has an ability to pay, it will look to see if there are any circumstances that may militate against the debtor's ability to pay or constitute aggravating factors to show dishonesty or bad faith, or that the debtor is not truly needy.

> Specifically, the court will review whether:
>
> (1) the bankruptcy was filed because of sudden illness, calamity, disability, or unemployment;

(2)   whether the debtor has made consumer purchases or cash advances far in excess of an ability to repay;

(3) whether the petition was filed in good faith;

(4) whether the debtor exhibited good faith and candor in filing his schedules and other documents;

(5) whether the debtor has engaged in "eve of bankruptcy purchases";

(6) whether the debtor was forced into chapter 7 by unforeseen or catastrophic events;

(7) whether the debtor's disposable income permits the liquidation of his consumer debts with relative ease;

(8) whether the debtor enjoys a stable source of future income;

(9) whether the debtor is eligible for adjustment of his debts through chapter 13 of the Bankruptcy Code;

(10) whether there are state remedies with the potential to ease the debtor's financial predicament;

(11) whether there is relief obtainable through private negotiation, and to what degree;

(12) whether the debtor's expenses can be reduced significantly without depriving him of adequate food, clothing, shelter, and other necessities;

(13) whether the debtor has significant retirement funds, which could be voluntarily devoted in whole or in part to the payment of creditors;

(14) whether the debtor is eligible for relief under chapter 11 of the Bankruptcy Code; and

(15) whether there is no choice available to the debtor for working out his financial problems other than chapter 7, and whether the debtor has explored or attempted other alternatives.

In re Carlton, 211 B.R. 468 (Bankr. W.D. N.Y.), aff'd sub nom. Kornfeld v. Schwartz (In re Kornfield) 214 B.R. 705 (W.D.N.Y), aff'd In re Kornfeld, (2d Cir. 1999).

### §707(b) and the Kornfield Factors Applied

43. In this case, the first part of §707(b) is met. The Debtor is an individual, his obligations are consumer debts and were not incurred for a business purpose. The Debtor's Schedules D and F list mortgages and credit card, retail department store accounts, student loan accounts and medical bills with aggregate debt of $2,227,000 and $568,424.66, respectively. All of these were incurred for personal, family or household purposes. See Voluntary Petition, and Schedules A, D, and F.

### The Debtor's Ability to Repay

44. The Debtor has a present ability to repay a significant portion of his debt. The Debtor's claimed average net monthly household income on the amended schedule "I" was a negative $565.81. Four facts are significant relating to the Amended Schedules I and J, the calculation of gross income and disposable income.

45. First, the Debtor's household, consisting of one person. The Debtor's 2014 gross annual income will exceed $127,000 (more than twice the median income in New York State) and his household income in 2012 and 2013 was $86,000 and $102,000, respectively.

46. Second, the Debtor has relocated from Long Island to Minneapolis, which is a much more affordable place to live.

47. Third, the Debtor's Initial Schedule J was constructed to mislead the Court and his creditors. Upon information and belief, prior to the filing of his case, the Debtor had failed to make mortgage payments for a significant period of time. Additionally, on or about February 13, 2014, the Debtor entered into a lease for an apartment in Minneapolis with a commencement date of April 1, 2014. Notwithstanding the Debtor's clear intention of relocating and lack of intention to pay the mortgages, he claimed the mortgage payments as an anticipated expense.

Without considering the reasonableness or necessity of any of the other claimed expenses, the elimination of the two mortgage payments as an anticipated expense would have resulted in a net monthly income exceeding $2,600. Furthermore, when asked, at Line 24 of Schedule J, if he expected any change within one year of the filing date, he answered No. At least a month prior to the filing, the Debtor clearly knew that both his residence and financial situation was about to radically change. The Debtor made no mention of this in his petition.

48.   Fourth, the Debtor's claimed expenses on Amended Schedule J are overstated and unreasonable. The Debtor claims utility bills and food expenses which appear to be exaggerated, medical bills which are undocumented and continues to claim expenses for the Residence in which he no longer resides or has an intention to retain ( although the debtor asserted that he intended to retain the Residence).

49.   Based upon the calculations, and using the Debtor's actual income ($11,000), under a reasonable budget, the Debtor would have excess income sufficient to repay a portion of his unsecured debt.

50.   Based upon the Debtor's gross annual household income of approximately $127,000 and actual, reasonable monthly expenses, it is unreasonable to believe that he would not have significant excess monthly income.

**Other Factors Under The Totality of Circumstances Test**

51.   In addition to the ability to pay, other factors are present that warrant dismissal:

- The Debtor appears not to have been forced into Chapter 7 by unforeseen or catastrophic events; instead, the has enjoyed years of significant income, spend lavishly on entertainment, and accrued $2.5 million in debt over years of spending;

- The Debtor's household gross annual income exceeds $127,000 and is steady and consistent;

- The Debtor is eligible for relief under chapter 11 of the Bankruptcy Code;

- The Debtor has, and continue to, enjoy a steady source of income;

- The Debtor has provided no evidence that, in light of the amount of his debt, he has made any changes to his life style in an attempt to repay some portion of these obligations; and

- The Debtor has filed schedules which are misleading and inaccurate, including Schedules I and J. The claimed expenses are either miscalculated or excessive.

## **CONCLUSION**

52. The U.S. Trustee submits that the facts heretofore mentioned   support a dismissal of this case under §707(b)(3) (A) as a bad faith filing and §707 (b) (3) (B) because the totality of the circumstances demonstrates that granting this Debtor a chapter 7 discharge would constitute an abuse of the bankruptcy system.

**WHEREFORE,** in consideration of the foregoing, the United States Trustee respectfully requests that the court dismiss this case under 11 U.S.C. § 707(b) and for such other and further

relief as is just and proper.

Dated: Central Islip, New York
       August 28, 2014

                              WILLIAM K. HARRINGTON
                              UNITED STATES TRUSTEE FOR REGION 2

                              By: *s/ Alfred M. Dimino*
                                  Alfred M. Dimino
                                  Trial Attorney
                                  Office of the United States Trustee
                                  Long Island Federal Courthouse
                                  560 Federal Plaza
                                  Central Islip, New York 11722
                                  (631) 715-7800